## THORPE vs. BURROUGHS.

[ACTION TO RECOVER STATUTORY PENALTY FOR ARRESTING RUNAWAY SLAVE.]

1. *Admissibility of slave's declarations.*—The declarations and admissions of a slave, made at the time of his arrest as a runaway, are not competent evidence for the party making the arrest, in an action against the owner to recover the statutory penalty.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

THIS action was brought by Jonas Burroughs, against Edward R. Thorpe, to recover the statutory penalty for the arrest of an alleged runaway slave belonging to the defendant; and was commenced in a justice's court. On the trial in the city court, as appears from the bill of exceptions, the plaintiff testified to the fact of the slave's arrest, " near the wharf at the lower end of the city, near a swamp, under a shed, with some provisions in his possession"; and was then asked to state "what the slave said to him, at the time of the arrest, as to his being a runaway,—what admissions the slave made as to his being a runaway, and if he did not confess to witness that he was a runaway." The defendant objected to each of these questions; but the court overruled the objections, and

allowed the plaintiff to testify to the slave's confessions; and the defendant excepted. The admission of this evidence is the only matter assigned as error.

C. F. MOULTON, for the appellant.

No counsel appeared for the appellee.

STONE, J.—Under the authority of Mauldin & Terrell v. Mitchell, 14 Ala. 814, it was improper to receive in evidence the declarations of the slave.

The issue formed and tried in this case, presented the question, whether the slave spoken of was or was not a runaway. The testimony offered for the plaintiff, if unexplained, probably made out a *prima-facie* case for him. The testimony of the defendant clearly showed that the slave was at and about the wharf with the knowledge and permission of his owner, and that he had not thrown off his allegiance to him as his master. This proof overturned the plaintiff's *prima-facie* case, and left his proof insufficient to found a judgment upon.

Judgment of the city court reversed, and cause remanded.